

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-14-00394-CR

_____

**CALEB LUKE POWELL, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

On Appeal from the 64th District Court
Hale County, Texas
Trial Court No. A18970-1110; Honorable Robert W. Kinkaid, Jr., Presiding

August 14, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

In April 2012, pursuant to a plea bargain, Appellant, Caleb Luke Powell, pleaded guilty to the offense of possession of marihuana in an amount of five pounds or less but more than four ounces[1] and was placed on deferred adjudication community supervision for five years. In June 2014, the State moved to proceed to adjudication alleging that Appellant had violated numerous conditions of his community supervision.

_____

[1] TEX. HEALTH & SAFETY CODE ANN. § 481.121(b)(3) (West 2010). As charged, the offense is a state jail felony punishable for a term of not more than two years or less than 180 days. TEX. PENAL CODE ANN. § 12.35(a) (West Supp. 2014).

At a hearing on the State's motion, Appellant entered pleas of true to some but not all of the State's allegations. The trial court heard evidence of the alleged violations, revoked his community supervision, and assessed punishment at eighteen months confinement in a state jail facility, a $1,500 fine, and $140 in restitution. In presenting this appeal, counsel has filed an *Anders*[2] brief in support of a motion to withdraw. We grant counsel's motion and affirm.

In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the record, and in his opinion, the record reflects no potentially plausible basis for reversal of Appellant's conviction. *Anders v. California*, 386 U.S. 738, 744-45, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). Counsel candidly discusses why, under the controlling authorities, the record supports that conclusion. *See High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978). Counsel has demonstrated he has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to Appellant, (2) notifying him of his right to review the record and file a *pro se* response if he desired to do so,[3] and (3) informing him of his right to file a *pro se* petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408.[4] By letter, this Court granted Appellant an opportunity to exercise his right to file a response to counsel's brief.

---

[2] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

[3] *See Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014) (regarding Appellant's right of access to the record for the purpose of filing a *pro se* response).

[4] Notwithstanding that Appellant was informed of his right to file a *pro se* petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of his right to file a *pro se* petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408 n.22 & 411 n.35. The duty to send the client a copy of this court's decision is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *Id.* at 411 n.33.

Appellant did file a response and this court has reviewed it. The State did not favor us with a brief.

By the *Anders* brief, counsel evaluates the underlying proceedings and finds no issues to present as potential reversible error. We agree with counsel.

### STANDARD OF REVIEW

An appeal from a trial court's order adjudicating guilt is reviewed in the same manner as a revocation hearing. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (West Supp. 2014). When reviewing an order revoking community supervision imposed under an order of deferred adjudication, the sole question before this court is whether the trial court abused its discretion. *Rickels v. State,* 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); *Jackson v. State*, 645 S.W.2d 303, 305 (Tex. Crim. App. 1983). In a revocation proceeding, the State must prove by a preponderance of the evidence that the probationer violated a condition of community supervision as alleged in the motion to revoke. *Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993). When more than one violation of the conditions of community supervision is alleged, a single violation is adequate and the revocation order shall be affirmed if at least one sufficient ground supports the court's order. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980); *Jones v. State*, 571 S.W.2d 191, 193 (Tex. Crim. App. 1978). The trial court abuses its discretion in revoking community supervision if, as to every ground alleged, the State fails to meet its burden of proof. *Cardona*, 665 S.W.2d at 494. In determining the sufficiency of the evidence to sustain a revocation, we view the evidence in the light most favorable to the trial court's ruling. *Jones v. State,* 589 S.W.2d 419, 421 (Tex. Crim. App. 1979).

Additionally, a plea of true standing alone is sufficient to support a trial court's revocation order. *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979).

**ANALYSIS**

The State moved to revoke Appellant's community supervision alleging he: (1) committed new offenses against his spouse and did not timely report his arrest;[5] (2) failed to avoid injurious or vicious habits; (3) failed to avoid person or places of disreputable or harmful character; (4) failed to complete 400 hours of community service at a minimum of eight hours per month; and (5) failed to be home each night not later than 10:00 p.m. and remain there until 6:00 a.m. the following day. Appellant entered a plea of not true to the first allegation and pleas of true to allegations two through five. He also signed a stipulation of evidence and assured the trial court that the contents were true, accurate, and correct.

Appellant's wife testified she called the police in November 2013 to report that Appellant had threatened to kill her and she was afraid of him. He was arrested for family assault. She also testified the charges were being dropped against him and requested he be continued on community supervision.

Appellant's community supervision officer testified that Appellant did not report his arrest to her within ten days as required. She also testified that Appellant admitted to her he had consumed alcohol and violated curfew. Notwithstanding the violations, she believed Appellant was capable of "making probation." At the conclusion of the

---

[5] After being placed on community supervision, Appellant was transferred to San Antonio, Bexar County, where he lived. Testimony was presented indicating that Appellant's Bexar County community supervision officer had been discharged and there may have been some communication issues between Bexar County and Hale County regarding Appellant's compliance.

hearing, the trial court found Appellant did violate the conditions of community supervision.

Appellant testified his arrest was for an argument that was "blown out of proportion." He acknowledged assaulting his wife but could not recall threatening her. He claimed to have informed his community supervision officer in San Antonio of his arrest within two days and the officer told him he would notify Hale County of the arrest.

At the conclusion of the testimony, the trial court found the allegation that Appellant did not report his arrest within ten days to be not true given the miscommunication between community supervision officers. However, the trial court found the remaining allegations to be true and revoked Appellant's community supervision. Based on Appellant's pleas of true to four of the five allegations and the evidence presented, the trial court did not abuse its discretion in revoking Appellant's community supervision.

Appellant filed a *Motion for New Trial and Motion in Arrest of Judgment* alleging his sentence was contrary to the law and evidence. At a hearing on his motion, he requested reconsideration of his sentence and presented two witnesses in support thereof. His father testified that Appellant had lost his mother at a young age and he had dedicated his life to raising him and his two brothers. He requested a reduced sentence. Appellant's grandmother testified she is a minister and that Appellant is a Christian with a supportive and loving family. The trial court denied Appellant's motion for new trial, and in doing so, it did not abuse its discretion.

When we have an *Anders* brief by counsel and a *pro se* response by an appellant, we have two choices. We may determine that the appeal is wholly frivolous

5

and issue an opinion explaining that we have reviewed the record and find no reversible error, *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005) (citing *Anders*, 386 U.S. at 744), or we may determine that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief issues. *Id.* (citing *Stafford v. State*, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991)).

Here, we have independently examined the entire record to determine whether there are any non-frivolous issues that were preserved in the trial court which might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford*, 813 S.W.2d at 511. We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). After reviewing the record, counsel's brief, and Appellant's *pro se* response, we agree with counsel that there is no plausible basis for reversal of Appellant's conviction. *See Bledsoe*, 178 S.W.3d at 826-27.

Accordingly, the trial court's judgment is affirmed and counsel's motion to withdraw is granted.

Patrick A. Pirtle
Justice

Do not publish.

6